# EXHIBIT B

## Phil Hill

**From:** Stephen D. Rothschild <srothschild@khpslaw.com>
**Sent:** Tuesday, October 20, 2020 8:18 PM
**To:** Phil Hill
**Cc:** Sean Flaherty; Chad Shultz; 'Stephen.Dorvee@agg.com'
**Subject:** RE: HDS v. Mowers, et al. (GA) - Availability for Meet and Confer re: Joint Preliminary Report and Discovery Plan

Phil:

      Your first request this morning.   Please circulate a draft plan for comment and propose some times to discuss it.

Stephen D. Rothschild
King, Holmes, Paterno & Soriano LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Telephone:  310-282-8986
Facsimile:  310-282-8903
Email:      srothschild@khpslaw.com

---

**From:** Phil Hill <phill@grsm.com>
**Sent:** Tuesday, October 20, 2020 5:13 PM
**To:** Stephen D. Rothschild <srothschild@khpslaw.com>
**Cc:** Sean Flaherty <sflaherty@grsm.com>; Chad Shultz <cshultz@grsm.com>; 'Stephen.Dorvee@agg.com' <Stephen.Dorvee@agg.com>
**Subject:** RE: HDS v. Mowers, et al. (GA) - Availability for Meet and Confer re: Joint Preliminary Report and Discovery Plan

Steve,

Please allow this to serve as our second request for your availability this week to meet and confer to discuss the Joint Preliminary Report and Discovery Plan that is due by October 28, 2020 per the Court's September 28, 2020 order.

Thanks,

Phil

---



**V. PHILLIP HILL IV** | Senior Counsel

55 Ivan Allen Junior Boulevard Northwest
Suite 750
Atlanta, GA 30308
D: 404-978-7302  |  phill@grsm.com

www.grsm.com
vCard

1

**From:** Phil Hill
**Sent:** Tuesday, October 20, 2020 1:16 PM
**To:** 'rothschild@khpblaw.com' <rothschild@khpblaw.com>
**Cc:** Sean Flaherty <sflaherty@grsm.com>; Chad Shultz <cshultz@grsm.com>; 'Stephen.Dorvee@agg.com' <Stephen.Dorvee@agg.com>
**Subject:** HDS v. Mowers, et al. - Availability for Meet and Confer re: Joint Preliminary Report and Discovery Plan

Steve,

Please let us know your availability this week to meet and confer to discuss the Joint Preliminary Report and Discovery Plan that is due by October 28, 2020 per the Court's September 28, 2020 order.

Thanks,

Phil



**V. PHILLIP HILL IV** | Senior Counsel

55 Ivan Allen Junior Boulevard Northwest
Suite 750
Atlanta, GA 30308
D: 404-978-7302 | phill@grsm.com

www.grsm.com
vCard

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

**GORDON REES SCULLY MANSUKHANI, LLP**
**YOUR 50 STATE PARTNER®**
http://www.grsm.com

## Phil Hill

| | |
|---|---|
| **From:** | Phil Hill |
| **Sent:** | Friday, October 23, 2020 7:39 PM |
| **To:** | 'Stephen D. Rothschild' |
| **Cc:** | Sean Flaherty; Chad Shultz; 'Stephen.Dorvee@agg.com' |
| **Subject:** | RE: HDS v. Mowers, et al. (GA) - Availability for Meet and Confer re: Joint Preliminary Report and Discovery Plan |
| **Attachments:** | HDS_Washout (GA) 10.23.20 JOINT PRELIMINARY REPORT AND DISCOVERY PLAN(54528658.1).docx |

Steve,

Please allow this to serve as our fourth request for your availability next week to meet and confer to discuss the Joint Preliminary Report and Discovery Plan that is due by Wednesday, October 28, 2020 per the Court's September 28, 2020 order. Please find our proposed Report attached.

We are available to meet and confer anytime on Monday or Tuesday of next week. Please let us know what date and time works best for you and I will circulate a call in number.

Thanks,

Phil



**V. PHILLIP HILL IV** | Senior Counsel

55 Ivan Allen Junior Boulevard Northwest
Suite 750
Atlanta, GA 30308
D: 404-978-7302 | phill@grsm.com

www.grsm.com
vCard

---

**From:** Phil Hill
**Sent:** Friday, October 23, 2020 10:09 AM
**To:** 'Stephen D. Rothschild' <srothschild@khpslaw.com>
**Cc:** Sean Flaherty <sflaherty@grsm.com>; Chad Shultz <cshultz@grsm.com>; 'Stephen.Dorvee@agg.com' <Stephen.Dorvee@agg.com>
**Subject:** RE: HDS v. Mowers, et al. (GA) - Availability for Meet and Confer re: Joint Preliminary Report and Discovery Plan

Steve,

We are available to meet and confer anytime on Monday or Tuesday of next week. Please let us know what date and time works best for you and I will circulate a call in number.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| HD SUPPLY CONSTRUCTION SUPPLY, LTD., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action No.: 1:19-cv-02750-SDG |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| REEF R. MOWERS, WASHOUTPAN.COM, LLC | ) ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

Plaintiff HD Supply Construction Supply, LTD. ("HDS") has filed suit against Defendants Washoutpan.com, LLC and Reef Mowers for false advertising, unfair competition, defamation, slander, intentional interference with business relationships, uniform deceptive trade practices, Federal Rico violations and Georgia Rico violations.

(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

HDS is an industrial products distributor. Defendant Washoutpan.com, LLC, owned by Defendant Reef Mowers ("Mowers") (collectively "Defendants"), is an importer of industrial washout pans ("pans") used to receive and contain liquid concrete waste from concrete pumps and ready mix trucks. HDS and Defendants were in a business relationship between approximately 2014 and early 2018 wherein HDS purchased pans from Defendants that it would re-sell to its customers. In early 2018, HDS ended its business relationship with Defendants and began purchasing its pans from another company. Thereafter, Mowers began frequently creating posts on LinkedIn that HDS contends are defamatory,

including, but not limited to, calling HDS a "criminal" that has committed "felony fraud," and that the pans HDS sold to the public were unsafe. Mowers also began sending text messages, direct messages and emails to HDS employees, which HDS contends were harassing, threatening and intimidating.

Between January and April of 2019, HDS contends that Mowers personally appeared on no less than three separate occasions at multiple construction sites of general contractor Adolfson & Peterson Construction, who is a customer of Plaintiff that purchased and was using HDS' pans on its jobsites. HDS contends that while Mowers was impersonating an OSHA inspector, he made slanderous false oral statements to employees of Adolfson & Peterson Construction with respect to HDS and/or HDS' pans that were on the jobsite, including but not limited to: that HDS' pans were not certified; that Adolfson & Peterson Construction's use of the pans could result in death; and that Adolfson & Peterson Construction could face punishment by OSHA (i.e., through citations and/or violations) by continuing its use of HDS' pans on the construction site.

(c)     The legal issues to be tried are as follows:

(1)     Whether Defendants' conduct constitutes false advertising and unfair competition in violation of 15 U.S.C. 1125(a)(1).

(2)     Whether Defendants' conduct constitutes defamation per quod and per se in violation of O.C.G.A. § 51-5-1.

(3)     Whether Defendants' conduct constitutes slander per quod and per se in violation of O.C.G.A. § 51-5-4.

(4)     Whether Defendants' conduct constitutes intentional or tortious interference with business relations.

(5)     Whether Defendants' conduct constitutes violations of Federal Rico statutes in violation of 18 U.S.C. § 1961, *et seq*.

(6)     Whether Defendants' conduct constitutes violations of the Uniform Deceptive Trade Practices Act in violation of O.C.G.A. § 10-1-370, *et seq*.

(7)     Whether Defendants conduct constitutes violations of Georgia Rico statutes in violation of O.C.G.A. § 16-14-1, *et seq.*

(d) Other cases listed below (include both style and action number) are:

(1) Pending Related Cases:

*Washoutpan.com, LLC v. HD Supply Construction Supply, LTD.*, Case NO. 2:19-cv-00494-AB-JEM (C.D. CA).

*Washoutpan.com, LLC v. HD Supply Construction Supply, LTD.*, Case NO. 2:20-cv-01105-AB-JEM (C.D. CA).

(2) Previously Adjudicated Related Cases:

None.

**2**.     This case is complex because it possesses one or more of the features listed below (please check):  None.

(1)     [  ] Unusually large number of parties
(2)     [  ] Unusually large number of claims or defenses
(3)     [X] Factual issues are exceptionally complex
(4)     [X] Greater than normal volume of evidence
(5)     [  ] Extended discovery period is needed
(6)     [  ] Problems locating or preserving evidence
(7)     [  ] Pending parallel investigations or action by government
(8)     [X] Multiple use of experts
(9)     [  ] Need for discovery outside United States boundaries
(10)    [  ] Existence of highly technical issues and proof
(11)    [  ] Unusually complex discovery of electronically stored information

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:
Chad A. Shultz, V. Phillip Hill IV

Defendants:

Henry Gradstein, Stephen D. Rothschild, Stephen M. Dorvee

**4.      Jurisdiction:**

Is there any question regarding this Court's jurisdiction? No.

**5.      Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

N/A

(b)    The following persons are improperly joined as parties:

N/A

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

N/A

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.      Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

Mowers recently sent two emails on October 20, 2020 directly to HDS' counsel representing HDS in the pending California actions, while allegedly including on the "cc" line, Mowers own counsel and purported "special agents

[directed to him by] the White House." In these emails directed to HDS's counsel, Mowers alleged that HDS is continuing to commit "criminal acts" and requested: "I want criminal charges pressed and I want to fully cooperate with the prosecutors as a victim who's been threatened, intimidated and injured both financially and physically." While HDS is unaware whether these copied parties are actually special agents, or contact information provided by the White House, it does appear from their email addresses, that they are federal employees within the Department of Homeland Security. HDS not only denies the allegations made by Mowers regarding the alleged ongoing "criminal acts," but HDS also contends these new activities constitute continued acts by Mr. Mowers to intimidate, harass and an attempt to extort HDS. HDS contends that they also reflect that Mowers either did not read the admonitions contained in the Court's recent order denying Defendants' motion to dismiss (Dkt. No. 76), or that Mowers simply disregarded them. Therefore, an additional amendment to HDS' operative complaint may be necessary in light of these recent events.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

## 7.   Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

Plaintiff requests that expert discovery close after fact discovery and that summary judgment motions be due no later than 30 days after the close of expert discovery.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)  Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.      Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

N/A

## 9.      Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Yes, the parties request a scheduling conference with the Court.

## 10.      Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

<u>Plaintiff HDS:</u> HDS' need for discovery will primarily focus on all false and defamatory oral and written statements that were made by Defendants concerning

HDS and its products, and all of Defendants' communications with HDS' employees after HDS ended its business relationship with Defendants. Discovery will also require disclosure of posts and correspondences from Defendants' social media accounts, and Defendant's text and/or multimedia messages from whatever applications Defendants' use to conduct such communications.

Defendants:  Defendants will need discovery as to [Defendants to complete this section].

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

## 11.    Discovery Limitation and Discovery of Electronically Stored Information:

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b)   Is any party seeking discovery of electronically stored information?

[X] Yes                              [ ] No

If "yes,"
The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed sources of production for ESI and are agreeable to continue meet and confer regarding the scope of production.

The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

<u>Plaintiff's Position:</u>

The parties are currently engaged in discovery involving ESI in the California action and have both retained e-discovery vendors to assist with the production of ESI in those actions. Plaintiff will continue to use similar formats for the production of additional ESI necessary in the instant litigation.  Plaintiff requests that Defendant produce its documents and things through an electronic link for download, formatted as follows:

    a.  Electronic Production of Paper/Scanned/Hardcopy Documents as

       Electronic Images

        i.  To the extent that paper documents will be produced as electronic images, the production shall be in the following format:

           1.  Single page Black & White, Group 4 Tagged Image File Format (.TIF or .TIFF) files at 300 x 300 dpi resolution and 8.5 x 11 inch page size; provided, however, if a color image is produced in black and white, each party reserves the right to request the Producing Party to produce the original, color image, as single page, color Joint Photographic Experts Group (.JPEG or .JPG) file. Type-2 (24 bit) .TIFF color images are not acceptable.

           2.  The appropriate load/unitization files in accordance with Table A below and consistent with the specifications in Section d below. HDS reserves the right to request reproduction of load files where improper unitization is excessive.

           3.  Electronic image files should be located in a folder named "IMAGES" containing static images only.

           4.  All electronic image file names should match the Bates number assigned to the image.

           5.  Each electronic image shall be branded with the applicable confidentiality designation, if any.

           6.  The Producing Party shall also produce searchable optical character recognition ("OCR") text of scanned paper documents consistent with the specifications in Section c below.

    b.  Production of ESI as Electronic Images

        i.  To the extent that native ESI will be produced as electronic images, the production shall be in the following format:

           1.  Single page Black & White, Group 4 Tagged Image File Format (.TIF or .TIFF) files at 300 x 300 dpi resolution

and 8.5 x 11 inch page size. However, color images should be produced as single page, color Joint Photographic Experts Group (.JPEG or .JPG) file. TIFF color images are not acceptable. Each party reserves the right if necessary, to request the Producing Party to produce the original, color image if the produced file is insufficient.

2. The appropriate load/unitization files in accordance with Table B below and consistent with the specifications herein.

3. Electronic image files should be located a folder named "IMAGES" containing static images only.

4. All electronic image file names should match the Bates number assigned to the image.

5. Each electronic image shall be branded with the applicable confidentiality designation, if any.

6. For files not suitable for imaging, the Plaintiff is to produce electronic files, such as Microsoft Excel, PowerPoint, audio or video files, or computer drafting drawings, in native format unless redacted. The native file must have all available metadata. All native files must have a corresponding image placeholder (slip sheet) with the correct Bates number or other unique identifier, unless other protocols are discussed between the parties for certain circumstances where it is efficient or cost-effective to produce documents or made documents available for inspection in another manner (e.g., large quantities of files or large-sized files, such as computer drafting drawings, that can be inspected in folders as kept in the ordinary course). Native files should be located a folder named "NATIVES" containing native files only.

7. When converting ESI for production as an electronic image, the Plaintiff shall set imaging settings to force off "Auto Date" and force on: hidden columns or rows, hidden worksheets, speaker notes, track changes, and comments.

8. The Producing Party shall also produce extracted text from the native file consistent with the specifications in Section 3.

c.  Production of Searchable Text

    i. Plaintiff shall produce ESI with multi-page searchable extracted text.  For ESI from which text cannot be extracted, or from paper documents, OCR text shall be produced instead.

    ii. Extracted text or OCR text shall be produced on a document level as .TXT files, with the .TXT filename matching the Bates number applied to the first page of the corresponding static image file followed by the .TXT extension.

    iii. Text files shall be located in a folder named "TEXT" containing text files only.

    iv. Text files containing foreign, non-English, language text shall be converted to standard 8-bit Unicode Transformation Format (UTF-8) format by the Producing Party prior to production.

d. Production of Load/Unitization Files

    i. Two load/unitization files shall be provided with all productions:

        1. **Metadata Import File**:  DAT format, in ASCII format, using Concordance default delimiters to separate the fields and records.  A path to the corresponding .TXT file and any documents produced in native format should each be included as a field in the metadata import file.

        2. **Image Cross-Reference File**:  .OPT format, containing the corresponding image information and indicates page breaks.

    ii. Plaintiff should produce only one Metadata Import File and (if appropriate) one Image Cross-Reference File per production where feasible.

    iii. The Metadata Import File should contain the metadata fields detailed and described in Table A and/or Table B below, as appropriate.  Plaintiff shall populate the CUSTODIAN fields for all produced ESI and paper documents.

Table A

**Metadata Fields for Production of Paper/Scanned/Hardcopy Documents**

| Field | Definition |
|---|---|
| CUSTODIAN | Name of person from whose files the document is produced |
| BEGBATES | Beginning Bates Number (production number) |
| ENDBATES | End Bates Number (production number) |
| BEGATTACH | First Bates number of family range (i.e., Bates number of the first page) |
| ENDATTACH | Last Bates number of family range (i.e., Bates number of the last page of the last attachment) |
| FOLDER | List any file folder information or other identifier associated with organization of the document by the custodian |
| BOX | If stored or collected in boxes, list Box number/ID |

Table B

**Metadata Fields for Production of ESI**

Note: Metadata Field names may vary. The chart below describes the Metadata Fields to be produced in generic, commonly used terms which Producing Party should adapt to the specific types of documents it is producing.

| Field | Definition |
|---|---|
| CUSTODIAN | Name of person from whose files the document is produced |
| DUPLICATE_CUSTODIAN or ALL_CUSTODIAN | DUPLICATE_CUSTODIAN: Additional custodians for any duplicate documents. ALL_CUSTODIAN: Same as DUPLICATE_CUSTODIAN but also includes the original/named custodian listed in the CUSTODIAN field |
| BEGBATES | Beginning Bates Number (production number) |
| ENDBATES | End Bates Number (production number) |
| BEG ATTACH | First Bates number of family range (i.e., Bates number of the first page) |
| END ATTACH | Last Bates number of family range (i.e., Bates number of the last page of the last attachment) |
| ATTACH COUNT | Number of attachments to an email |
| ATTACH RANGE | Bates range for the document family. Assigned at the parent level |
| FILE SIZE | File Size (bytes) |
| FILETYPE/APPLICATION | Application used to create document |
| FILE EXTENSION | File extension of the native file (e.g., XLS, DOC, PDF) |
| FILE PATH | File source path for all electronically collected documents, which includes location, folder name |
| FILE NAME | File name of the original electronically collected documents |

| Field | Definition |
| --- | --- |
| RECORD TYPE | Descriptive field created by the vendor processing software (e.g., email, edoc, image, attachment) |
| HASHVALUE | MD5 Hash or SHA Value created during processing |
| MAILSTORE | Original path of mail store |
| MSGID | Hash Value created by mail application and contained in native file |
| CONVERSATION_INDEX | Email thread identifier |
| FROM | Sender of email |
| TO | Recipient of email |
| CC | Additional Recipients of email |
| BCC | Blind Additional Recipients of email |
| SUBJECT | Subject line of email |
| SENSITIVITY | Sensitivity field extracted from native email message or other Outlook item |
| PARENT_DATE | Date of the document or, for attachments, its parent. (mm/dd/yyyy) |
| PARENT_TIME | Time of the document or, for attachments, its parent. |
| DATESENT | Date Sent (mm/dd/yyyy) |
| TIMESENT | Time Sent |
| DATERCVD | Date Received (mm/dd/yyyy) |
| TIMERCVD | Time Received |
| TITLE | Title field value extracted from the metadata of the native file |
| AUTHOR | Creator of document |
| DATECRTD | Creation Date (mm/dd/yyyy) |
| TIMECRTD | Creation Time |
| LASTAUTHOR | Last Saved field contained in the metadata of the native file |
| DATELASTMOD | Last Modified Date (mm/dd/yyyy) |
| TIMELASTMOD | Last Modified Time |
| REDACTED | "Yes" when the document contains redactions. Blank or "No" when there are no redactions. |
| CONFIDENTIALITY | Description of confidentiality designation such as "Confidential Material" or |

| Field | Definition |
|---|---|
| | "Attorneys' Eyes Only Information". Blank when there is no confidentiality designation. |
| TIME ZONE | A description of the time zone in which the document was processed such as "Pacific Standard Time (PST)" |
| NATIVEFILELINK | For documents provided in native format only |
| TEXTPATH | File path for OCR or Extracted Text files |
| PROD_VOL | Name of the production volume that includes the parties Bates prefix and the production volume number ("ABC_PROD001", "XYZ_PROD001", etc.) |

Defendants' Position:

[Defendants to complete this section]

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.      Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Though the matters are not consolidated and the issues are distinct, Plaintiff anticipates the attempting to coordinate the discovery in the California cases with discovery in this matter. However, given the number of issues and facts, Plaintiff anticipates needing to take the deposition of Reef Mowers and/or WP's 30(b)(6) deposition for a period of time that extends 1-day/(7hours). At this time, Plaintiff anticipates needing approximately three days to take the personal deposition of Reef Mowers to cover the issues in all cases. Additionally, Plaintiff anticipates needing at least three 30(b)(6) depositions to cover the issues in all cases pending between them. Plaintiff asks that although six or more days of deposition of Defendants' may be needed, Plaintiff asks that this only count as two depositions against the ten allotted to Plaintiff in this matter, so that sufficient opportunities remain to depose third parties.

Plaintiff suggests the following for purposes of setting a scheduling order, to the extent acceptable to the Court:

| Event | Date |
|---|---|
| Non-Expert Discovery Cutoff | 2/26/21 |
| Expert Disclosure (Initial) | 2/26/21 |
| Expert Disclosure (Rebuttal) | 3/19/21 |
| Expert Discovery Cutoff | 4/2/21 |
| Last Day to File Motion for Summary Judgment | 4/30/21 |
| Daubert Motions | TBD |
| 1st, 2nd Round Trial Filings (MILs) | TBD |
| Final Pretrial Conference | TBD |
| Trial | TBD |

**13.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October ___, 2020 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

Other participants:

Sean Flaherty

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

_X__ A possibility of settlement before discovery.
____ A possibility of settlement after discovery.
____ A possibility of settlement, but a conference with the judge is
         needed.
____ No possibility of settlement.

(c)    Counsel ____ do or ___X___ do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is by May 7_____, 2021__.

(d)    The following specific problems have created a hindrance to settlement of this case.

The behavior of Defendant Reef Mowers.

**14.    Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this
         day _____, of 20___.

(b)    The parties (<u>X</u>) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted, this 23rd day of July, 2020.

**GORDON REES SCULLY
MANSUKHANI LLP**

*/s/ V. Phillip Hill IV*
Chad A. Shultz

Georgia Bar No. 644440
V. Phillip Hill IV
Georgia Bar No. 637841

*Attorneys for Plaintiff HD Supply Construction Supply, LTD.*

55 Ivan Allen Jr. Blvd. NW, Suite 750
Atlanta, Georgia 30308
Telephone: (404) 869-9054
cshultz@grsm.com
phill@grsm.com

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and

Discovery Plan form completed and filed by the parties, the Court orders that the

time limits for adding parties, amending the pleadings, filing motions, completing

discovery, and discussing settlement are as set out in the Federal Rules of Civil

Procedure and the Local Rules of this Court, except as herein modified:


IT IS SO ORDERED, this_____ day of _____ , 20____.


_____

UNITED STATES DISTRICT JUDGE